# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, | No. 2:26-cv-02857-SMB |
| Plaintiff, | |
| v. | **[PROPOSED] STIPULATED ORDER RE: PLAINTIFF'S INTENDED MOTION FOR A PRELIMINARY INJUNCTION** |
| Markwayne Mullin, Secretary of Homeland Security, sued in his official capacity; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; and Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement, sued in his official capacity, | |
| Defendants. | |

## **STIPULATED ORDER STAYING CASE AND DEFERRING**

## **PRELIMINARY-INJUNCTION BRIEFING**

WHEREAS Plaintiff filed the Complaint in this action (ECF No. 1) on April 24, 2026, challenging Defendants' actions concerning property located at 13290 West Sweetwater Avenue in Surprise, Arizona (the Surprise Facility);

WHEREAS, Plaintiff State of Arizona has conferred with Defendants about Plaintiff's intention to file a preliminary injunction motion, seeking an order enjoining Defendants from (1) taking actions to convert the Surprise Facility into an immigration detention facility, and (2) detaining individuals at the Surprise Facility;

WHEREAS Plaintiff's intended motion would be based, in part, on allegations that Defendants have proceeded with actions concerning the Surprise Facility without first completing additional environmental review under the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321–4347.

WHEREAS Defendants have advised Plaintiff that Defendants have entered into a consolidated contract that includes, among other things, performance obligations related to NEPA analysis up to the level of an environmental assessment (EA) addressing the proposed retrofitting and use of the Surprise Facility as an immigration detention center and potential future work concerning the Surprise Facility; and

WHEREAS Defendants agree that, except as provided below in paragraphs 4 and 5, they will neither detain any individuals at the Surprise Facility nor take any action to convert the Surprise Facility into an immigration detention center, including triggering performance obligations under the consolidated contract to initiate construction, demolition, retrofitting, or physical changes,  before completion of a final EA and issuance of an associated decision document, or completion of a final environmental impact statement (EIS) and issuance of a Record of Decision (ROD) if Defendants determine that an EIS is necessary, addressing the retrofitting and use of the Surprise Facility as an immigration detention center.

**Now, therefore, the parties stipulate and the Court orders as follows:**

1. Defendants' deadline to answer or otherwise respond to the Complaint is held in abeyance pending further order of the Court.

2. Absent a breach of the terms of this Order or a material change in circumstances, Plaintiff will not file a motion for a preliminary injunction or motion for a temporary restraining order until after the filing of the joint status report called for in paragraph 3 below.

3. Within ten days of Defendants providing Plaintiff a copy of the agency decision document that relies on a final EA addressing the retrofitting and use of the Surprise Facility as an immigration detention center, or a final EIS and ROD if Defendants determine that an EIS is necessary, the parties shall confer and submit a joint status report to the Court proposing a schedule for future proceedings, including the filing of any amended complaint, motion for a preliminary injunction, or responsive pleading.

4. From the date of this stipulated order until the end of the ten-day period reflected in paragraph 3 above, Defendants shall not detain any individual at the Surprise Facility or take actions to convert the Surprise Facility into an immigration detention center, including triggering performance obligations under the consolidated contract to initiate construction, demolition, retrofitting, or physical changes, except as provided below in paragraph 5. Further, if Plaintiff advises Defendants within the ten-day period reflected in paragraph 3 that Plaintiff intends to file a motion for a preliminary injunction, Defendants shall not take actions to convert the Surprise Facility into an immigration detention center, except as provided below in paragraph 5, until twenty-one (21) days after Defendants provide Plaintiff with a copy of the final EA, or until the Court issues an order allowing such activities, whichever is earlier.

5. Nothing in this stipulated order prohibits Defendants from preparing an EA or conducting related NEPA analysis, design, planning, engineering, inspections, studies, surveys, testing, due diligence, utility coordination, permitting or approval work, communications with utilities or government entities, contract administration,

procurement activity, or contract modification, provided that Defendants do not detain individuals at the Surprise Facility or undertake physical conversion work except as otherwise permitted by this Order. Nothing in this Order prohibits physical activities that are not undertaken to convert the Surprise Facility into an immigration detention center, including but not limited to: installation, repair, maintenance, or replacement of temporary or permanent fencing, including temporary fencing that does not involve ground disturbance; installing, repairing, maintaining, or replacing security cameras, lighting arranged to not direct light towards adjoining streets and properties, security signage at access points and around the property, access-control measures, building security alarm systems, temporary CCTV coverage with security trailers, locks, intrusion-alarm systems, and guard shacks; fire-alarm and sprinkler-related monitoring, inspection, repair, remediation, or maintenance, including water-damage remediation and replacement or repair of damaged interior or exterior building components; ordinary maintenance and repair of the roof, exterior walls, windows, doors, HVAC, electrical, plumbing, fire-alarm, sprinkler, security, access-control, and related building systems, including installation of additional HVAC units as necessary given the climate; exercising plumbing valves, and conducting backflow-prevention testing and certifications; custodial services, including cleaning, dusting, garbage removal, and trash removal; gardening and grounds maintenance; pest control; maintaining the facility structure and envelope to prevent leaks, breaches, and pest intrusion, including ensuring that the roof, walls, windows, and doors remain secure; interior drywall demolition and reconfiguration of office space solely for administrative, security, property-management, or environmental-review support purposes, and not for detainee housing, intake, processing, medical, kitchen, recreation, visitation, or detention operations; installation of protective ballistic film over existing windows for site-security purposes; and environmental, workplace-safety, and facility-safety compliance, including compliance with applicable EPA and OSHA requirements. For avoidance of doubt, the foregoing list is intended to be illustrative, and activities not included on this list are not prohibited by this Order so

3

long as they are not undertaken to convert the Surprise Facility into an immigration detention center or to detain individuals there.

6.     Defendants shall file a status report with the Court sixty days after entry of this Order, and every sixty days thereafter until completion of the final EA and associated decision document, or final EIS and ROD if Defendants determine that an EIS is necessary, reflecting the status of the environmental-review process.

SO ORDERED.

DATED this _____ day of _____, 2026.


_____
Honorable Susan M. Brnovich
United States District Judge